## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| United States of America ex. rel., <br>   ALBERT BELCHER <br><br>         Petitioner, <br><br>   v. <br><br> KEVIN GILSON,[1] Warden, Western <br>   Illinois Correctional Center, <br><br>         Respondent. | Case No. 06 CV 7094 <br><br> Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Albert Belcher ("Belcher"), who is currently incarcerated at Logan Correctional Center in Lincoln, Illinois,[2] has filed a *pro se* petition for writ of habeas corpus based on alleged violations of his rights under the Sixth and Fourteenth Amendments. Belcher asserts four grounds for relief: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) the trial court's refusal to grant credit for time served in a day reporting program; and (4) the trial court's failure to determine whether Belcher's confinement in that program was custodial. In his answer [Docket No. 24], Kevin Gilson ("respondent") requests that the court deny Belcher's petition. For the reasons stated below, the petition for writ of habeas corpus is denied.

---

[1] The original respondent in this case was Roger Zimmerman. As Kevin Gilson had replaced Zimmerman as the warden of Western Illinois Correctional Center at the time the answer was filed, Gilson has been substituted as the proper party respondent. *See* Rule 2(a) of the Rules Governing § 2254 cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1) .

[2] At the time Belcher's petition was filed he was in custody at the Western Illinois Correctional Center.

# FACTUAL BACKGROUND

## A. The Procedural History of Belcher's Claims in State Court

On October 19, 2004, a jury in the circuit court of Cook County convicted Belcher of possession of a controlled substance with intent to deliver. The circuit court sentenced Belcher to 12 years' imprisonment. *See People* v. *Belcher*, No. 1-04-3106, slip op. at 5 (Ill. App. Ct. May 3, 2006), referred to hereinafter as "Ill. App. Slip Op."

Belcher appealed his conviction to the Illinois Appellate Court, raising four arguments. First, Belcher initially argued that his conviction should be reversed and the case remanded for retrial "because the record [did] not affirmatively show that his counsel [had] discussed the legal consequences of the stipulation regarding the chain of custody and chemical composition of the recovered substance or that he [had] waived his constitutional right to confrontation." *Id.* at 6. In his reply brief, Belcher conceded and the appellate court agreed that this argument was untenable in light of the Illinois Supreme Court's opinion in *People* v. *Phillips*, 840 N.E.2d 1194, 217 Ill. 2d 270, 298 Ill. Dec. 759 (2005), decided while his appeal was pending.[3]

Second, Belcher argued that his conviction should be reversed and his case remanded for a new trial because the prosecutor made several improper remarks during closing argument that had the effect of denying him a fair trial. Belcher acknowledged that he failed to properly preserve this issue by objecting to the remarks at trial and filing a post-trial motion, which the

---

[3] In *Phillips*, the Illinois Supreme Court ruled that a defendant's explicit agreement to a stipulation on the record is not required where "(1) defense counsel's decision to stipulate appears to have been a matter of trial tactics and strategy and defendant does not object to counsel's decision, and (2) the State's entire case is not presented by stipulation, the defendant *does* present or preserve a defense, and the stipulation does not include a statement that the evidence is sufficient to convict." *Phillips*, 840 N.E.2d at 1205 (citing *Campbell, McClanahan,* and *People* v. *Ramey*, 604 N.E.2d 275, 152 Ill. 2d 41, 178 Ill. Dec. 19 (1992)).

appellate court considered to be a waiver under Illinois law. Ill. App. Slip Op. at 6 (citing *People* v. *Enoch*, 522 N.E.2d 1124, 1129-30, 122 Ill. 2d. 176, 119 Ill. Dec. 265 (1988) ("[T]he failure to raise an issue in a written motion for a new trial results in a waiver of that issue on appeal.") (collecting cases)). The appellate court then addressed Belcher's invocation of the plain-error rule, which allows Illinois courts "to review alleged errors not properly preserved when (1) the evidence in a criminal case is closely balanced, or (2) the error is so fundamental, and of such magnitude, that the accused is denied the right to a fair trial and remedying the error is necessary to preserve the integrity of the judicial process." *People* v. *Hudson,* 886 N.E.2d 964, 970, 228 Ill. 2d 181, 319 Ill. Dec. 840 (2008). The appellate court considered the statements on which Belcher relied to support his claim and found that no prosecutorial misconduct, and consequently, no plain-error had occurred.

The last two issues Belcher raised on appeal concerned the trial court's refusal to give him credit for the time he spent at the Cook County Day Reporting Program ("CCDRP").[4] Belcher argued that this decision was erroneous, or, alternatively, that the trial court was required to hold an evidentiary hearing on the issue before denying him credit. The appellate court ruled that under *People* v. *Martin*, 829 N.E.2d 834, 842, 357 Ill. App. 3d 663, 673 (Ill. App. Ct. 2005), time spent by a defendant in a day reporting program, such as the CCDRP, did not constitute "custody" within the meaning of the credit-against-sentence provision of the Illinois Unified Code of Corrections ("Code"), codified at 730 Ill. Comp. Stat. 5/5-8-7(b).[5] In

---

[4] Respondent defines "day reporting" as a pretrial release program requiring a person's daily attendance at a secure facility for a number of hours each day. Ans. at 8 n.2.

[5] The credit-against-sentence provision of the Code provides in relevant part that "[t]he offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed . . . ." 730 Ill. Comp. Stat. 5/5-8-7(b).

doing so, the appellate court rejected Belcher's contention that *Martin* was no longer good law in light of the Illinois Supreme Court's decision in *People* v. *Campa*, 840 N.E.2d 1157, 1165, 217 Ill. 2d 243, 298 Ill. Dec. 722 (2005), which held that participation in a day reporting program constituted custody within the meaning of the speedy-trial provision contained in the Illinois Code of Criminal Procedure ("CCP"), codified at 725 Ill. Comp. Stat. 5/103-5(a),(b).[6] Ill. App. Slip Op. at 13. Because the appellate court determined that Belcher was not entitled to a credit as a matter of law, it rejected his alternative argument that the trial court erred when it declined to hold an evidentiary hearing to determine whether Belcher's participation in the CCDRP constituted custody. Accordingly, the appellate court affirmed Belcher's conviction on May 3, 2006.

Belcher thereafter filed a petition for leave to appeal to the Illinois Supreme Court. Docket No. 15, Ex. E. Belcher requested the Court clarify whether its reasoning in *Campa*, that participation in a day reporting program under the speedy-trial provision of the CCP extended to the credit-against-sentence provision of the Code, such that Belcher would be entitled to a credit for the time he spent in the CCDRP. *Id*. at 5. The Illinois Supreme Court denied Belcher's petition on September 27, 2006. *See People State of Ill.* v. *Belcher*, 857 N.E.2d 675, 221 Ill. 2d 645, 306 Ill. Dec. 276 (2006).

### B. Belcher's Federal Petition for a Writ of Habeas Corpus

On December 22, 2006, Belcher filed his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Belcher's petition asserted that he was being held unlawfully on the following four grounds:

---

[6] The speedy-trial provision of the CCP provides in relevant part that "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody . . . ." 725 Ill. Comp. Stat. 5/103-5.

Ground One: Ineffective Assistance of Counsel

    Petitioner's constitutional rights to due process and effective assistance of counsel guaranteed under the 6th and 14th Amendments of the U.S. Constitution were violated because defense counsel failed to discuss with petitioner the legal consequences of stipulations regarding the State's forensic chemist expert and chain of custody. The record failed to demonstrate that petitioner assigned his right to waive his constitutional confrontation rights to his attorney.

Ground Two: Prosecutorial Misconduct

    Petitioner's constitutional right to due process, guaranteed by the 14th Amendment of the U.S. Constitution was violated by prosecutorial misconduct during closing arguments, where prosecutors improperly bolstered the credibility of the police officers' testimony, told the jurors to honor their oaths and find petitioner guilty, and shifted the burden of proof by asserting that the defense theory of the case amounted to an accusation of a conspiracy by the police.

Ground Three: Trial Court Error

    Petitioner's constitutional right to due process, guaranteed under the 14th Amendment of the U.S. Constitution was violated because the trial court refused to grant credit for time served to petitioner for the time he spent in custody at the Cook County Day Reporting Center.

Ground Four: Trial Court Error

    Petitioner's constitutional right to due process, guaranteed under the 14th Amendment of the U.S. Constitution was violated because the trial court refused to grant petitioner's request for credit against his sentence without determining whether the confinement was custodial under 730 ILCS 5/5-8-7(b).

Docket No. 1. After respondent's motion to dismiss for failure to exhaust certain claims raised in his petition for writ of habeas corpus was denied as moot, respondent filed an answer to Belcher's petition on October 30, 2007. The answer requests that the court deny the petition. Docket No. 24. Belcher did not reply.

## ANALYSIS

A. **Belcher's Claims of Ineffective Assistance of Counsel (Ground One) and Prosecutorial Misconduct (Ground Two)**

Respondent argues that the court should refuse to review Belcher's ineffective assistance and prosecutorial misconduct claims because they have been procedurally defaulted. The Antiterrorism and Effective Death Penalty Act ("AEDPA requires that prisoners exhaust their state remedies before seeking federal review. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." *O'Sullivan* v. *Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). In Illinois, appellate review is two-tiered, *id*. at 845, and "failure to present . . . federal habeas claims to the Illinois Supreme Court in a timely fashion [will result] in a procedural default of those claims." *Id*. at 848 (citing *Coleman* v. *Thompson*, 501 U.S. 722, 731-32, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). *Accord Lewis* v. *Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("a habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim"). While Belcher filed a petition for leave to appeal the appellate court's decision, he sought review only of its ruling that he was not entitled to a credit against his sentence for the time he spent in the CCDRP or an evidentiary hearing. Because Belcher failed to request review of the Illinois appellate court's decision on his ineffective assistance of counsel and prosecutorial

misconduct claims, they have been procedurally defaulted and the court must deny Belcher's petition to review them.[7]

B. **Belcher's Claims of Trial Court Error (Grounds Three and Four)**

Respondent argues that Belcher's final two claims, which concern the trial court's refusal to grant him sentencing credit for the time he spent in the CCDRP, are not cognizable on federal habeas review because they raise only issues of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle* v. *McGuire*, 502 U.S. 62, 67-68, 112 S. Ct., 116 L. Ed. 2d 385 (1991); *accord Curtis* v. *Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) ("We may not review state-court interpretations of state law."). Thus, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Id*. at 68 (citing 28 U.S.C. § 2241; *Rose* v. *Hodges*, 423 U.S. 19, 21, 46 L. Ed. 2d 162, 96 S. Ct. 175 (1975) (per curiam)). Belcher's claims of trial court error involve its (a) refusal to credit the time he spent in the CCDRP against his sentence; and (b) failure to determine whether the time he spent there constituted custody under the Illinois Code. It is clear from the appellate court's review of these claims that they raise only issues of state law. The appellate court ruled that Belcher was not entitled to credit against his sentence under its decision in *Martin*, which held that participation in a day reporting program did not constitute custody within the meaning of the credit-against-sentence provision of Illinois Code, and rejected Belcher's contention that *Martin* was invalidated by the Illinois Supreme Court's decision in *Campa*, which held that participation

---

[7] An exception to the bar on federal habeas review of procedurally defaulted claims exists where "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. As Belcher did not raise this exception in his petition and did not file a reply to respondent's answer, the court need not determine whether it applies to his case.

7

in a day reporting program constituted custody within the meaning of the speedy-trial provision of the CCP. Because Belcher was not entitled to credit against his sentence as a matter of law under *Martin*, the appellate court ruled that the trial court did not err in failing to hold an evidentiary hearing on the issue. Moreover, Belcher framed his petition for leave to appeal to the Illinois Supreme Court as involving solely an issue of state law: he requested that the court clarify whether its reasoning in *Campa* could be extended to the credit-against-sentence provision of the Illinois Code despite the appellate court's ruling in *Martin*. As both of Belcher's claims of trial error raise only issues of state law, this court may not review them.[8]

## CONCLUSION

For the foregoing reasons, Belcher's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. The case is terminated.

Dated: July 10, 2009          Enter: _/s/ Joan H. Lefkow_
                                     JOAN HUMPHREY LEFKOW
                                     United States District Judge

---

[8] To the extent that Belcher seeks to frame the alleged trial court errors as violations of his Fourteenth Amendment due process rights, they are procedurally defaulted because he failed to characterize them as constitutional claims before both the Illinois appellate court and the Illinois Supreme Court.